KAROL HENKEL, PROSECUTOR, v. WILLIAM HOY ET AL., EXCISE COMMISSIONERS OF THE CITY OF PERTH AMBOY ET AL.

Submitted July 5, 1906—Decided November 12, 1906.

A license to sell intoxicating liquors in cities of the second class under the statute may be transferred by the licensing authorities, not only from one person to another, but from one location to another.

On *certiorari*.

Before Justices FORT, GARRETSON and REED.

For the prosecutor, *Charles T. Cowenhoven.*

For the defendants. *Hommann & Stricker* and *J. H. Thayer Martin.*

The opinion of the court was delivered by

FORT, J. This writ brings up an order of the excise board of the city of Perth Amboy authorizing the transfer of a retail liquor license granted by that board from one place to another place.

The city of Perth Amboy is a city of the second class.

The grounds upon which the order of the excise board is sought to be set aside are twofold:

*First.* That there is no power in the board of excise to transfer a license from one place to another place, but only

from one person to another person when that other person engages in the retail liquor business at the same place as that in which the person was engaged to whom the license was granted at the time it was granted.

*Second.* That the place to which the license was transferred in this case was within two hundred feet of a church, and hence, under the statute, it was not lawful to license a place thus located.

It is a sufficient answer to the first ground alleged to refer to the statutes. By statute a transfer of a license from one person to another, or from one place to another, is lawful. The statutes, with regard to transfers in cities, which sustain the view here stated are as follows: Generally, as to cities, see *Gen. Stat., p.* 1815, § 153; as to cities of the second class, see *Gen. Stat., p.* 1823, § 195; as to cities of the third class, see *Gen. Stat., p.* 1819, § 168.

On the second ground we think that the license transferred in this case was, at the time it was transferred, transferred to a location within two hundred feet of a then existing church building, in which religious services were regularly conducted, within the statute.

On the grounds last stated the transfer in this case will be set aside.